UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23164-ALTMAN

SANTIAGO MILIAN,

     *Petitioner*,

*v.*

STATE OF FLORIDA,

     *Respondent.*

_____/

## ORDER

The Petitioner, Santiago Milian, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the lawfulness of his state-court conviction and sentence in Florida's Eleventh Judicial Circuit Court. *See* Petition [ECF No. 1]. The State filed a Motion for Clarification—which we'll treat as its Response[1]—arguing that Milian's Petition is untimely, insufficiently pled, and unexhausted. *See* Response [ECF No. 14]. Milian hasn't replied. *See generally* Docket. After careful review, we find that the Petition is facially deficient.

                      \*        \*        \*

Milian presents the following four grounds for habeas relief: (1) that he was denied the right to "effective assistance of trial counsel" (Ground 1), Petition at 5; (2) that the "state prosecutor" in his criminal case "committed fraud on [the] court" and "*Giglio*[2] [and] *Brady*[3]" violations (Ground 2), *id.* at 7; (3) that he was denied the "right to effective assistance of appellate counsel" (Ground 3), *id.* at 8; and (4) that the state trial court unlawfully found that he "qualif[ied] for [violent career criminal]"

---

[1] We granted the State's Motion for Clarification, saying that, "for now, [it] needn't file a separate merits response." Paperless Order [ECF No. 16].

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

status by a "preponderance of [the] evidence" when a "jury" should've made that finding "beyond [a] reasonable doubt" (Ground 4), *id.* at 10. As we'll explain, Grounds 1–3 are insufficiently pled, and Ground 4 is *both* improperly pled and unexhausted.

Rule 2(c) of the Rules Governing § 2254 Cases requires a petitioner to, among other things, "specify all the grounds for relief available"; "state the facts supporting each ground"; and "state the relief requested[.]" R. Governing § 2254 Cases 2(c)(1)–(3). Under the heightened pleading standard that applies in habeas cases, a petitioner's "allegations must be factual and specific," and "[c]onclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (citations omitted); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (noting that habeas petitions call for "fact pleading" as opposed to the "notice pleading" contemplated under Federal Rule of Civil Procedure 8(a)). "It is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citations omitted).

The common flaw that pervades Grounds 1–3 is Milian's failure to allege *any* facts in support of those claims. He merely identifies each claim's legal theory and then "incorporate[s]" the claims he asserted in his state postconviction filings. Here's what he alleges in Ground 1:

> Violation of 6th Amendment right to effective assistance of trial counsel.
>
> [ . . . ]
>
> I incorporate by reference all claims raised in state court grounds 1–8 of Rule 3.850 as they are contrary to already established federal law as interpreted by United States Supreme Court or an unreasonable application of a Supreme Court ruling cognizable on 28 U.S.C. § 2254[.]

Petition at 5. Here's Ground 2:

> State prosecutor committed fraud on court, *Giglio*, *Brady* viol[ations] in violation of Petitioner's right under 6th and 14th amendment[.]

2

[ . . . ]

> I incorporate by reference ground 9 of Rule[ ] 3.850 (motion) filed in state trial court and appeals as they are contrary to already established federal law as interpreted by United States Supreme Court or an unreasonable application of a Supreme Court ruling.

*Id.* at 7. And here's Ground 3:

> Violation of 14th Amendment right to effective assistance of appellate counsel[.]

[ . . . ]

> Petitioner incorporates by reference all arguments of law and facts raised on writ of habeas corpus grounds 1–8 in Third DCA Case No. [ ] 3D24-1676 and on discretionary review in Fl[orida] Supreme Court Case No. [ ] SC2024-1611 as they are contrary to already established federal law as interpreted by United States Supreme Court or an unreasonable application of Supreme Court ruling[.]

*Id.* at 8.

It's true (of course) that, "often in summarizing the facts[,] a petitioner necessarily or as a matter of convenience may refer to state court proceedings and even attach extracts therefrom." *Bundy v. Wainwright*, 808 F.2d 1410, 1414 (11th Cir. 1987). But simply pointing to unattached state-court filings, without more, doesn't satisfy Rule 2(c)'s requirement that Milian "state the facts supporting each ground" with specificity.[4] *See Williams v. Humphrey*, 2019 WL 1473999, at *11 n.6 (S.D. Ga. Apr. 3, 2019) (finding that the petitioner's reference to "state habeas pleadings" "fail[ed] to comply with the heightened pleading standard" that governs habeas petitions); *Ingram v. Buckingham Corr. Ctr.*, 2011 WL 836826, at *1 (E.D. Va. Mar. 4, 2011) ("A petitioner may not simply incorporate by reference

---

[4] Milian didn't attach those state-court documents to his Petition for our review. *See generally* Petition. And "there is no authority permitting a federal habeas petitioner to incorporate claims from documents not attached to the petition." *Bowles v. Baca*, 2020 WL 7240097, at *4 (D. Nev. Dec. 9, 2020). Had Milian done so, his claims could have been facially sufficient. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) ("The habeas corpus petition made clear and repeated references to an appended supporting brief, which presented Dye's federal claim with more than sufficient particularity." (citing FED. R. CIV. P. 81(a)(2), 10(c))). But, as we'll explain, we're also not entirely sure how many grounds Milian has asserted here, so we'll direct him to amend his petition anyway.

3

claims and facts set forth in the state proceedings, but which are not recited in the federal petition for a writ of habeas corpus." (cleaned up)); *cf. Hester v. Sec'y, Fla. Dep't of Corr.*, 2020 WL 1540401 (11th Cir. Jan. 31, 2020) ("A petitioner's conclusory statements, unsupported by specific facts or by the record, are insufficient to state a claim for federal habeas relief."). What's worse, although Milian asserted at least *seventeen* grounds for relief across his state postconviction filings, he's only advanced four here, meaning that he hasn't "specif[ied] all the grounds for relief available" to him. R. Governing § 2254 Cases 2(c)(1); *see also* Petition at 5–8; *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (observing that, where the petitioner incorporated by reference state-court documents that "raised more than the four boilerplate contentions expressed on the form petition," the district court "easily could have, and should have, ordered [the petitioner] . . . to articulate clearly the additional issues he claimed to have raised in his original petition").

Ground 4 does a better job—but it's still not enough. Here's what he says there:

> Illegal sentence offensive to 5th, 6th, and Fourteenth Amendments as judge performed fact ladden [sic] task by preponderance of evidence instead of by jury beyond reasonable doubt violated separation of powers and Petitioner does [not] qualify for (VCC) sentencing.
>
> [ . . . ]
>
> Petitioner hereby incorporates all arguments of law and facts on Rule 3.800(a) [motion] filed in state trial court and subsequent appeals as they are contrary to already established federal law as interpreted by U.S. Supreme Court or an unreasonable application of Supreme Court ruling[.]

Petition at 10. In other words, Milian says that his state conviction is unlawful for two reasons: *one*, because the trial court, rather than the jury, determined that he was a violent career criminal ("VCC") under Florida law[5]; and *two*, because the trial court made that finding by a preponderance of the

---

[5] Florida law defines a "violent career criminal" as a defendant who must receive an enhanced, mandatory prison term if the court finds that (1) the defendant has "previously been convicted as an adult three or more times" of certain qualifying offenses; (2) the defendant "has been incarcerated in a state prison or a federal prison"; (3) the defendant is being sentenced for a qualifying felony that was

evidence. Milian thus seems to be advancing an *Apprendi* claim. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). But Milian doesn't tell us which facts the judge found and doesn't explain what effect, if any, these facts had on his sentence. *See* Petition at 10. Plus, again, he improperly tries to incorporate by reference his state-court filings. Ground 4, in sum, also violates Rule 2(c).

In any event, Ground 4 is deficient for a separate reason: Milian hasn't finished exhausting this *Apprendi* claim in Florida's state courts. Milian admits that the claim is "still pending" in state court, but he says that he filed the Petition anyway because he "d[id] not want to exceed [the] [one] year statute of limitations" period under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. *Ibid.*; *see also* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Our review of public records confirms that this ground is *still* unexhausted. On March 19, 2026, Milian sought discretionary review of his *Apprendi* claim in the Florida Supreme Court—and that request is still pending.[6]

---

committed on or after October 1, 1995, either while serving a sentence or "within 5 years" of a prior qualifying conviction or release; (4) the defendant "has not received a pardon" for any necessary predicate offense; and (5) "[a] conviction of a felony or other qualified offense . . . has not been set aside in any postconviction proceeding." FLA. STAT. § 775.084(1)(d) (2025).

[6] Milian asserted his *Apprendi* claim in the state trial court through a postconviction motion under Florida Rule of Criminal Procedure 3.800. *See* Motion to Correct an Illegal Sentence [ECF No. 15-3] at 226 (arguing that he was "deprived . . . of his established right under the Fifth, Sixth, and Fourteenth Amendment to have a jury of his peers determine[,] beyond a reasonable doubt[,] facts which increase the sentence or punishment imposed by the court"). After the trial court denied his motion, Milian appealed to Florida's Third District Court of Appeal ("Third DCA"). *See* Case Number 3D2025-1611 Docket [ECF No. 15-3] at 231–32. The Third DCA affirmed the trial court's denial of Milian's Rule 3.800 motion. *See* Disposition by Opinion, *Milian v. Florida*, 3D2025-1611 (Fla. 3d DCA Feb. 11, 2026). On March 19, 2026, Milian sought discretionary review in the Florida Supreme Court. *See* Notice to Invoke Discretionary Review, *Milian v. Florida*, 3D2025-1611 (Fla. 3d DCA Mar. 19, 2026).

"It is by now axiomatic that, before seeking habeas relief under § 2254, a petitioner 'must exhaust all state court remedies available for challenging his conviction.'" *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (quoting *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012)). Ordinarily, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). That's because we can't adjudicate a § 2254 petition until a petitioner has "exhaust[ed] *all* of [his] claims in state court," so that he can "present the federal court with a single habeas petition." *Id.* at 520 (emphasis added). So, even if all of Milian's grounds for relief were sufficiently pled, we can't adjudicate the Petition until he's finished exhausting Ground 4 in state court.

We have discretion, though, to stay a "mixed petition"—a habeas petition with both exhausted and unexhausted claims—where the petitioner shows three things: *one*, that he has "good cause for his failure to exhaust"; *two*, that "his unexhausted claims are potentially meritorious"; and *three*, that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). So, here's what we'll do. We'll direct Milian to file an amended § 2254 petition that corrects all the pleading deficiencies we've identified in this Order. Milian's amended petition must meet the pleading standard of Rule 2(c), must be legible, and must be submitted on our court-approved form for § 2254 petitions. *See* S.D. FLA. L.R. 88.2(a). In the amended petition, Milian must also identify *every* ground for habeas relief and support each with *specific* facts. If Ground 4 remains unexhausted when he files his amended petition, Milian should file a separate motion asking us to stay and hold his amended petition in abeyance and explaining why he's entitled to that relief under *Rhines*.[7] On the other hand, if Milian has exhausted Ground 4, he should say so in his amended

---

[7] Two small points. *First*, we won't stay this case *sua sponte* because Milian hasn't asked us to do that. If he doesn't ask us in the future—and if Ground 4 remains unexhausted when we review his amended petition—we may dismiss this case. *Second*, Milian may abandon Ground 4 entirely if he wants to—though we aren't suggesting that he should. We can't, however, promise that Milian will be entitled to a stay if his amended petition remains unexhausted. If we ultimately "determine[] that a stay and

petition. We also warn him that, if he fails to timely file a sufficient amended § 2254 petition, we'll dismiss this case without further notice. *See* FED. R. CIV. P. 41(b).

\*   \*   \*

We therefore **ORDER AND ADJUDGE** as follows:

1.     The Petition [ECF No. 1] is **DISMISSED without prejudice** as facially deficient. By **April 21, 2026**, the Petitioner must file an amended petition under 28 U.S.C. § 2254. The amended petition must be no longer than 20 double-spaced pages and must be signed under penalty of perjury. The Petitioner must comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the District Courts by sufficiently stating (in a legible manner) the facts that support the grounds for relief that are available to him. The Clerk is **DIRECTED** to provide the Petitioner with a copy of this Court's approved form for 28 U.S.C. § 2254 petitions.

2.     The amended petition must be labeled "Amended Petition" and must include the case number referenced above, so that it will be filed in this case. The amended petition will be the sole, operative pleading in this case, and only the claims listed in the amended petition will be addressed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). The Petitioner may not incorporate by reference any past claims. *See* S.D. FLA. L.R. 5.1.

3.     If the Petitioner fails to file the amended petition and resolve the exhaustion issue on time and in compliance with our orders, we'll dismiss this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

---

abeyance is inappropriate," we'll ask Milian whether he wants to "delete the unexhausted claim[ ] and . . . proceed with the exhausted claims if dismissal of [his amended petition] would unreasonably impair [his] right to obtain federal relief" in the future. *Rhines*, 544 U.S. at 278 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

4.      The Clerk shall **administratively CLOSE** the case. We'll reopen this case once the

Petitioner files his amended petition in compliance with this Order.

**DONE AND ORDERED** in the Southern District of Florida on March 23, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Santiago Milian, *pro se*
        counsel of record

8